UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDGARDO J. SUSSMANN | CIVIL ACTION |
| VERSUS | NO. 17-2939 |
| AMERITAS LIFE INSURANCE CORP., UNION CENTRAL LIFE INSURANCE COMPANY, XYZ INSURANCE COMPANY | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is defendant Ameritas Life Insurance Corp.'s motion for partial summary judgment.[1] For the following reasons, the Court grants the motion.

## I. BACKGROUND

This case arises out of a dispute over disability insurance coverage.[2] Plaintiff Edgardo Sussman alleges that he is owed benefits under multiple disability insurance policies issued by defendant.[3] Plaintiff asserts that he has been totally disabled and unable to perform his occupation since 2013

---

1    R. Doc. 9.
2    R. Doc. 1-1.
3    *Id.* at 1-2.  Ameritas Life Insurance Corp. is successor by merger to Union Central Life Insurance Company.  *See* R. Doc. 1.

because of chronic back pain.[4] According to plaintiff, he began to suffer back pain from stenosis of the lumbar spine in 2011, was declared totally disabled in 2013, underwent lumbar surgery in 2014, and continues to suffer from the same pain.[5] He was later diagnosed with stenosis of the cervical spine.[6] Plaintiff further declares that, on December 18, 2015, he fell down a flight of steps and suffered injuries to his back that aggravated his lumbar condition.[7] On December 23, 2015, plaintiff was involved in an automobile accident that allegedly caused further injuries to his spine.[8] Plaintiff was diagnosed with nerve compression in July 2016, underwent lumbar laminectomy surgery in September 2016, and has allegedly not recovered from this condition.[9] Finally, plaintiff attests that a psychiatrist has declared him totally disabled because of mental and nervous issues since January 2013.[10]

Plaintiff filed a petition for damages in state court in March 2017.[11] According to the petition, defendant failed to pay plaintiff all the benefits to which he is entitled for several time periods between 2013 and 2016.[12] On

---

[4] R. Doc. 1-1 at 2 ¶ 6, 6 ¶ 25; R. Doc. 16-1 at 1.
[5] R. Doc. 16-4 at 1-2 ¶ 3.
[6] *Id.* at 2 ¶ 4.
[7] *Id.* at 2 ¶ 5.
[8] *Id.* at 2 ¶ 6.
[9] *Id.* at 2-3 ¶ 7.
[10] *Id.* at 3 ¶ 8.
[11] R. Doc. 1 at 1; R. Doc. 1-1.
[12] R. Doc. 1-1 at 6-7 ¶¶ 25-28.

April 6, 2017, defendant removed the matter to this Court on the basis of diversity of citizenship.[13] Defendant now moves for partial summary judgment with respect to two disability overhead expense policies issued to plaintiff.[14]

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at

---

[13] R. Doc. 1.
[14] R. Doc. 9.

3

1075.  "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (internal citation omitted).  The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See id.* at 324.  The nonmovant may not rest upon the

pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 *mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

Defendant requests partial summary judgment dismissing plaintiff's claims under disability overhead expense policies nos. E00002895D and E00001058D.[15] Both policies provide reimbursement to the insured for business overhead expenses incurred during periods of partial or total disability.[16] These two policies contain identical provisions, with the exception of the premiums and benefits listed in the respective Schedule of Benefits and Premium Summary.[17] Each policy has a maximum monthly benefit and a maximum overhead expense benefit.[18]

---

[15] R. Doc. 9.
[16] R. Doc. 9-4 at 6; R. Doc. 9-5 at 6.
[17] R. Doc. 9-3 at 3; R. Doc. 9-4; R. Doc. 9-5; R. Doc. 16 at 2.
[18] R. Doc. 9-4 at 3; R. Doc. 9-5 at 3.

5

The maximum overhead expense benefit for a disability starting before age 65 is $126,000 under policy no. E00002895D and $132,000 under policy no. E00001058D.[19] Plaintiff is not yet 65 years old.[20] Defendant presents two affidavits from its employee, Lori Compton, who served as the claims handler for plaintiff's claims.[21] Compton attests that defendant has paid out the maximum benefit amounts of $126,000 on policy no. E00002895D and $132,000 on policy no. E00001058D.[22] Plaintiff does not contest that he received these payments, but contends that he suffers from multiple separate disabilities, and is entitled to a full set of benefits for each disability.[23]

Under Louisiana law, insurance policies are subject to the same interpretative rules as other contracts. *See Arceneaux v. Amstar Corp.*, 200 So. 3d 277, 286 (La. 2016). In construing an insurance contract, the Court must "determine the parties' common intent" with reference to the text of the contract. *Sims v. Mulhearn Funeral Home, Inc.*, 956 So. 2d 583, 589 (La. 2007). "An insurance contract is to be construed as a whole and each provision in the contract must be interpreted in light of the other provisions."

---

[19]  R. Doc. 9-4 at 3; R. Doc. 9-5 at 3.
[20]  R. Doc. 1-1 at 2 ¶ 6.
[21]  R. Doc. 9-6; R. Doc. 20-1.
[22]  R. Doc. 9-6; R. Doc. 20-1.
[23]  R. Doc. 16 at 1-2.

*Id.*; *see also* La. Civ. Code art. 2050.  If a policy provision is ambiguous and is subject to two or more reasonable interpretations, it is generally construed against the insurer.  *Sims*, 956 So. 2d at 589-90.

Here, the relevant provisions of the overhead expense policies read as follows:

> **Definition of Total Disability:**  We will consider you totally disabled if a sickness or injury, in and of itself, prevents you from performing the material and substantial duties of your occupation.
>
> **Successive Periods of Disability:** Successive periods of disability will be considered as one period if: (1) they are caused by the same or related conditions; and (2) they are separated by less than six months; and (3) the successive periods each begin while this policy is in force.  All other periods of disability will be considered separate periods.
>
> **Concurrent Disabilities:** Concurrent disabilities are disabilities arising from more than one cause at the same time.  They will be treated as a single disability.
>
> **Accumulation Benefit:**  Should your actual covered overhead expenses during total disability in any month be less than the Maximum Monthly Benefit, the difference may be carried forward and applied to expenses as provided by the Extension of Benefits provision . . . .  In no event will the sum of all benefits paid for any one period of total and partial disability combined exceed the Maximum Overhead Expense Benefit shown on the schedule page.
>
> **Extension of Benefits:**  We will continue to pay the Total Disability Benefit beyond the Maximum Benefit Period for Total Disability if: (1) you continue to be totally disabled; and (2) the amount you were paid for this period of total disability was less than the Maximum Overhead Expense Benefit.

**Maximum Overhead Expense Benefit:** The combined total of Total Disability and Partial Disability Benefits that will be paid under this policy for any one disability will not exceed the Maximum Overhead Expense benefit shown on the schedule page.[24]

The Accumulation Benefit and Extension of Benefits provisions make clear that the insured is limited to one maximum overhead expense benefit per period of disability. Plaintiff does not contest this. Thus, the sole question before the Court is whether plaintiff experienced one or multiple periods of disability. Although plaintiff states that he has been continuously disabled since 2013 because of back pain, he argues that he has experienced separate periods of disability under the Successive Periods of Disability clause because he has multiple disabilities with unrelated causes.[25] Defendant contends that plaintiff has suffered only one continuous period of disability.[26]

To fall within the Successive Periods of Disability Clause, the periods of disability must be "successive." The Court finds that the plain meaning of the term "successive" indicates consecutive rather than concurrent periods

---

[24] R. Doc. 9-4 at 3, 6-7; R. Doc. 9-5 at 3, 6-7 (italics omitted).
[25] R. Doc. 16 at 2-3; R. Doc. 16-1 at 1. Plaintiff offers the expert reports of John Poirot and Timothy Shea in support of his interpretation of the contract. *See* R. Doc. 16-2; R. Doc. 16-3. For the reasons explained in the Court's order granting defendant's motion *in limine*, Poirot's and Shea's opinions are inadmissible and will not be considered. *See* R. Doc. 23.
[26] R. Doc. 9-3 at 7-8.

of disability. *See* Black's Law Dictionary (10th ed. 2014) (defining "successive" as "following in order; consecutive"). One period of disability must end before a "successive" period can begin. *See McDonald v. Am. Family Life Assur. Co. of Columbus*, 70 So. 3d 1086, 1091 (La. App. 1 Cir. 2011) (holding that a plaintiff was "not entitled to payment for successive periods of disability" because he, "by his own admission, sustained only a single, continuous period of disability that has existed, without interruption, since the date of his accident"); *see also Burnett v. Combined Ins. of Am.*, No. 10-338, 2011 WL 6012523, at *3-4 (M.D. Ga. 2011) (explaining that a "new, successive, disability period could not begin while the Plaintiff was still disabled from his first injury"); *Taylor v. Unum Provident Corp.*, No. 05-40014, 2007 WL 1016987, at *4 (E.D. Mich. 2007) (rejecting argument that a "successive period" of disability with a different cause can begin during the previous period of disability). Because plaintiff maintains that he has been continuously disabled from back pain since 2013,[27] he cannot claim that later injuries created new, successive, periods of disability.

This interpretation is consistent with the policies' definition of "total disability." The policies state that "[w]e will consider you totally disabled if a sickness or injury, in and of itself, prevents you from performing the

---

[27] R. Doc. 16-1 at 1; R. Doc. 16-2 at 1-2 ¶ 3.

9

material and substantial duties of your occupation."[28] Defendant contends that plaintiff's later injuries could not prevent him from performing the duties of his occupation if he was already unable to perform his work because of back pain.[29] Plaintiff does not respond to this argument. The Court finds that a new injury cannot constitute a separate total disability under the policies if the claimant is already totally disabled. *See Silverman v. Unum Life Ins. Co. of Am.*, No. 13-4296, 2016 WL 6211728, at *5 (N.D. Ga. 2016) (explaining that plaintiff's new injury "did not render him totally disabled" because he "was already completely prevented from working"); *Fidelity Security Life Ins. Co. v. Dunn-Leonard*, No. 15-399, 2015 WL 5729982, at *5 (C.D. Cal. 2015) (finding it "unreasonable to contend that the Policy would pay more than one benefit for a Total Disability because an insured cannot become more disabled than totally disabled" (internal citation omitted)).

Plaintiff cites no legal authority in support of his interpretation of the contract, and has failed to offer evidence to create a genuine issue of fact that he experienced more than one period of disability. Because defendant has already paid the maximum overhead expense benefit under the policies, it is

---

[28] R. Doc. 9-4 at 3; R. Doc. 9-5 at 3.
[29] R. Doc. 9-3 at 9.

entitled summary judgment as to plaintiff's claims under disability overhead expense policies nos. E00002895D and E00001058D.

IV. **CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's motion for partial summary judgment. Plaintiff's claims under policies E00002895D and E00001058D are DISMISSED.

New Orleans, Louisiana, this __5th__ day of February, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE